NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1107

GARIMA DOSI & another[1]

vs.

DMITRY DEYCH & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendants appeal from the denial of their motion, under Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974), for relief from a judgment entered in the Superior Court following an assessment of damages hearing on a default judgment, which entered after the defendants failed to answer the plaintiffs' complaint. The defendants contend that the motion judge erred in denying their requested relief, because the plaintiffs failed to give proper notice of their request for entry of a default judgment, or of the hearing on the assessment of damages. We discern no error of law or abuse of discretion and affirm the order.

_____

[1] Harihar Sivanandh.
[2] Dmitry Shangin; Diamond Builders, Inc.; DBCMS Corp.; and Ace Air Heating & Cooling, Inc., which is not a party to this appeal.

"The decision whether to grant relief from judgment under rule 60 (b) rests within the sound discretion of the trial judge.  See Atlanticare Med. Ctr. v. Division of Med. Assistance, 485 Mass. 233, 247 (2020).  'Accordingly, the denial of a motion under Rule 60 (b) will be set aside only on a clear showing of an abuse of discretion' (quotation and citation omitted).  Id.  In effect, this means that the decision will be affirmed unless the judge below 'made a clear error of judgment in weighing the factors relevant to the decision . . . such that the decision falls outside the range of reasonable alternatives' (citation omitted).  Dacey v. Burgess, 491 Mass. 311, 317 (2023)."  Judge Rotenberg Educ. Ctr., Inc. v. Commissioner of the Dep't of Developmental Servs., 492 Mass. 772, 785 (2023).

The defendants' challenge to the propriety of the notice of the request for entry of judgment, and of the hearing on the assessment of damages, centers on their claim that the plaintiffs directed those notices to incorrect addresses.[3] However, the notices were sent to the addresses for each of the defendants specified in paragraphs five, seven, eight and ten of

---

[3] Massachusetts R. Civ. P. 55 (b) (2), as amended, 463 Mass. 1401 (2012), requires notice of any request for entry of a default judgment to "include a statement setting forth the nature and type of all damages requested and the amount of any damages that are a sum certain or a sum which can by computation be made certain," and to "be sent at least fourteen days prior to the date of hearing by first-class mail to the last known address or by other means approved by the court."

the plaintiffs' complaint.  By virtue of the defendants' failure to answer the complaint, and the entry of default, the plaintiffs' allegations concerning those addresses are "deemed to be admitted," Nancy P. v. D'Amato, 401 Mass. 516, 519 (1988), and "are accepted as true."  Christakis v. Jeanne D'Arc Credit Union, 471 Mass. 365, 372, cert. denied, 577 U.S. 923 (2015). The same addresses were entered on the docket of the Superior Court as the defendants' record addresses.  The defendants were served with the complaint in hand, and raise no challenge to the effectiveness of service of the complaint.  Instead, they seek to avoid the effect of their admission of the addresses set forth in the complaint, for purposes of notices of subsequent proceedings.

The defendants assert that they in fact did not receive the notices of the request for entry of judgment, and of the hearing on damages, and point to their "uncontradicted affidavits stating that they did not receive [p]laintiffs' notices."[4]

---

[4] The motion judge was of course not required to credit the defendants' affidavits.  We note that, at the hearing on the defendants' rule 60 (b) motion, counsel for the defendants included in her criticism of the sufficiency of notice the observation that "one of the defendants was noticed at the address of the other defendant where he resides with his wife and family; and the defendant who was served there has no connection to that property."  While that discrepancy could stand as valid criticism of the form of the notice, the fact that one codefendant received notice -- albeit directed to his partner -- stands in tension with the defendants' protests that they were completely unaware of the proceeding.  And at least

3

However, Mass. R. Civ. P. 55 (b) (2), as amended, 463 Mass. 1401 (2012), does not require proof of receipt, and again based on the defendants' deemed admission of the addresses stated in the complaint, the plaintiffs' notices complied with the requirements of the rule. We are left to consider whether the motion judge abused his discretion in declining to allow the defendants relief from the consequences of their failure to respond in any manner to the complaint. Based on the totality of the circumstances, including the information presented to the judge at the motion hearing, see note 4, supra, we discern no such abuse. Nor have the defendants made a showing of "excusable neglect" to justify relief. Mass. R. Civ. P. 60 (b) (1).

We likewise discern no merit in the defendants' challenge to the sufficiency of the plaintiffs' proffer in support of their request for damages. The plaintiffs' verified complaint described in considerable detail the various components comprising their claim for damages, and the package submitted with the plaintiffs' request for an assessment of damages laid out the amounts in form sufficient to support "a sum certain or

---

one copy of the notice was delivered and accepted at DBCMS's offices at 12 Post Office Square, which the defendants concede was its last known address, and which the plaintiffs' counsel represented at the motion hearing to be an address still used by the defendants in their business.

4

a sum which can by computation be made certain."  Mass. R. Civ. P. 55 (b) (2).

The plaintiffs have requested an award of double costs and attorney's fees incurred for this appeal, based on their contention that the defendants' appeal is frivolous.  In the exercise of our discretion, we deny the plaintiffs' request.

<u>Order denying motion for relief from judgment affirmed</u>.

By the Court (Green, C.J., Milkey & Grant, JJ.[5]),

*Joseph F. Stanton*

Clerk

Entered:  October 23, 2023.

---

[5] The panelists are listed in order of seniority.